DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
180 Sutter Street, Suite 200
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 352-0988

Attorneys for Plaintiff
STEPHANIE HARRINGTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HARRINGTON,<br><br>          Plaintiff,<br>v.<br><br>CITY OF NAPA, a municipal entity,<br>POLICE OFFICER DEBBIE<br>PEECOOK, POLICE OFFICER BRETT<br>POTTER, in their individual and official<br>capacities, and DOES 1-100, Jointly and<br>Severally,<br><br>          Defendants. | Case No. C04-00958 JSW<br><br>FIRST AMENDED<br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiff STEPHANIE HARRINGTON, by and through her attorneys, the HELBRAUN LAW FIRM, for her Complaint against Defendants, states as follows:

## I. INTRODUCTION

1.   On May 25, 2003, Stephanie Harrington, who is disabled and uses crutches as a result of unstable dysplastic hips and an inherited spinal deformity condition known as Brachyolmia, was wrongfully arrested and injured by City of Napa Police Officer Debbie Peecook, assisted by City of Napa Police Officer Brett Potter, following a domestic dispute between Plaintiff and her estranged husband.

## II. JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and the statutory and common law of the State of California.  Jurisdiction is based upon 28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over the state claims.

**COMPLAINT AND JURY DEMAND**                              1

### III. PARTIES

3. Plaintiff Stephanie Harrington was at all material times a resident of the City of Napa, State of California, and is a qualified individual with a disability as defined by 42 U.S.C. §12131(2) and under 29 U.S.C. §§ 794 and 706(8)(B).

4. Defendant City of Napa is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the Napa Police Department which employs other defendants in this action.

5. Defendant Police Officer Debbie Peecook was and is at all material times employed as law enforcement officer by Defendant City of Napa, and was acting within the course and scope of her employment.

6. Defendant Police Officer Brett Potter was and is at all material times employed as law enforcement officer by Defendant City of Napa, and was acting within the course and scope of her employment.

7. The true names and capacities of Defendants sued herein as DOES 1-100 ( Doe defendants ) are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. At all material times, each Doe defendant was an employee or agent of a governmental entity, acting within the course and scope of that employment.

8. Doe 1 is the County of Napa, operator of the Napa County Correctional Facility.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, and/or directly responsible for violations of Plaintiff s rights.

10. Each individual defendant (meaning non-governmental entity defendants)

is sued in his or her individual and official capacities.

11. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

12. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's Constitutional rights and other harm.

13. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

## IV. STATEMENT OF FACTS

14. On May 25, 2003, at approximately 11:00 p.m., Stephanie Harrington was confronted by her estranged husband, John Harrington, at her home located at 1659 D Street in the City of Napa. Plaintiff asked Mr. Harrington to leave her house. He refused. Plaintiff felt threatened by Mr. Harrington, having suffered physical abuse from him in the past. Plaintiff also feared for the safety of her children, who were asleep in the house.

15. The police were called. Defendant Officer Debbie Peecook was one of the first City of Napa police officers to respond. Plaintiff was waiting for the arrival of the police on her front porch. She told Officer Peecook that she wanted her husband to leave, as he was not on the lease, was not supposed to be there, and she felt threatened by him. Officer Peecook called to Mr. Harrington, who initially refused to come out of the bedroom. When he did emerge, he held his arm, which had been scratched by the house cat, and complained, falsely, that Plaintiff had injured him. Officer Peecook encouraged Mr. Harrington to make out an arrest statement against

Plaintiff.

16. Napa Police Officer Brett Potter entered the house, and Officer Peecook stated she was going to arrest Plaintiff. Plaintiff left the house, on her crutches, to tell her grandmother, who lived nearby, to take care of her children. Plaintiff's grandmother's house was approximately 40 feet from Plaintiff's residence. Officers Peecook and Potter told Plaintiff to stop. Plaintiff stopped, and explained she was fearful of Mr. Harrington and concerned for the safety of her children if she was arrested and they were left with Mr. Harrington, and that she wanted to wake her grandmother to have her take care of the children. Plaintiff proceeded to her grandmother's house, without interference from the officers, and succeeded in waking her grandmother and obtaining her agreement to see to the children. Plaintiff then returned voluntarily to her house.

17. Plaintiff told officers Peecook and Potter of her husband's felony arrest record, and of the broken nose she had previously suffered at his hand. Defendant Officer Peecook stated, incorrectly, that she had arrested Plaintiff numerous times before, and accused plaintiff of being a drug addict. These statements were false.

18. At about this time, Plaintiff's menstrual cycle started. With blood running down her legs, Plaintiff went into her bedroom and bathroom to clean herself. Officer Peecook threatened to break down the door. Plaintiff emerged and sat on her bed, in her pajamas, waiting quietly for the officers to complete their investigation.

19. Officer Peecook said to Officer Potter that she did not have handcuffs with her, and asked to use Officer Potter's handcuffs to handcuff and arrest Plaintiff. Officer Potter gave Officer Peecook his handcuffs.

20. Officer Peecook violently and without good cause under the circumstances twisted Plaintiff's hand and placed the handcuffs on Plaintiff, squeezing them on tightly and painfully. Officer Peecook then violently and without good cause under the circumstances yanked Plaintiff up forcefully, causing damage to Plaintiff's back and spine, and causing Plaintiff to cry out in pain. Officer Peecook instructed Officer Potter to assist her in dragging Plaintiff out of the house without her crutches.

21. In the process of dragging Plaintiff down the hall of her house, Plaintiff's unstable hip popped out of place, and her lower back was thereby twisted forcefully and quickly, causing Plaintiff further injury and pain.

22. As plaintiff was dragged out of her house, the pain in her hip became so excruciating that she could not proceed, and went limp, telling the officers she was in pain, and needed to sit down. Officer Peecook then grabbed Plaintiff's arm and repeatedly yanked on it, injuring Plaintiff's neck and causing still further pain and injury. Eventually, Plaintiff was picked up and placed in Officer Peecook's patrol car, and taken to the Napa jail.

23. At the jail, Plaintiff was mocked and ridiculed for her disability by other police officers, Doe defendants 2-5. One of those Doe defendants 2-5, a male police officer at a desk, laughed and teased Plaintiff about her Paxil prescription for depression. Plaintiff was forcefully searched and was not permitted to use her crutches.

24. Plaintiff was placed in a holding cell and deprived of her crutches. Plaintiff was therefore unable to approach the toilet to clean herself of the continuing disarray and blood from her menstrual cycle, and Plaintiff was left that way for approximately four hours.

25. Plaintiff was later placed in a separate cell by herself, and was given only dairy products, to which she is allergic, to eat. Not until Plaintiff's church pastor visited her in jail and complained of how Plaintiff was treated was plaintiff given something to eat that she was not allergic to.

26. Plaintiff was released on bail after two days in jail. Charges against plaintiff were later dismissed.

27. At all material times, Plaintiff acted peacefully and lawfully, never threatened any person, and never interfered with any police officer.

28. The conduct herein alleged of Defendants Police Officers, and each of them, was perpetrated upon plaintiff with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally arrested Plaintiff without reasonable cause, used

unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

29.     The conduct herein alleged of Defendants Police Officers, and each of them, was perpetrated upon plaintiff negligently in that said defendants failed to use reasonable care to ensure no excessive force was used on plaintiff. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally arrested Plaintiff without reasonable cause, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

30.     On information and belief, Defendants and other officers, including Doe defendants 6-10, have given false statements, filed false police reports, improperly completed Use of Force reports, concealed material information, improperly investigated this matter, and have otherwise attempted to cover-up their and other officers misconduct, violations of Constitutional rights, and other tortious and unlawful conduct.

31.     Plaintiff is informed and believes and thereon alleges that the City of Napa and Doe defendants 11 through 100, have received numerous complaints and have extensive additional information concerning use of excessive force and other acts of misconduct in violation of the rules and procedures of the City of Napa, and the rights of the public committed by various City of Napa Police Department officers, including but not limited to the Police Officers Potter and Peecoock and Police Officer Doe Defendants 2-10.

32.     Defendant City of Napa, and Doe defendants 11 through 100, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against City of Napa Police Department officers, and/or the defendant police officers and Doe defendants 2-10, proximately caused injuries to Plaintiff.

33.     Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the custom and policy of the City of Napa Police Department, and their members, to use excessive force against citizens, and to violate the rights of disabled persons.

**COMPLAINT AND JURY DEMAND**                                             6

This custom and policy is evidenced by the City of Napa Police Department's failure to train, supervise, discipline and/or investigate complaints and/or charges against City of Napa Police Department officers who had a known propensity for violence and excessive force and for violating the rights of disabled persons. The acts herein described of officers Peecook and Potter and of the individual Police Officer Defendants Does 2-10, and each of them, were in keeping with said custom and policy of use of excessive force and violating the rights of disabled persons.

34. In July, 2003, Plaintiff caused to be personally delivered to the City of Napa a claim for injuries, losses and damages suffered and incurred by Plaintiff by reason of the above-described occurrences, all in compliance with the requirements of the California Government Code.

35. On or about September 9, 2003, the City of Napa rejected Plaintiff's claim.

## V.  DAMAGES

36. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff sustained damages, in an amount to be determined according to proof, including physical injury to her back, hip, arms, neck, and wrist, severe emotional distress, fear, anxiety, humiliation, loss of personal reputation, embarrassment, medical expenses, loss of income, loss of her physical liberty, and the deprivation of her Constitutional rights to be free from unreasonable searches and seizures, and to be free from unreasonable and unnecessary uses of force, as guaranteed by the Fourth Amendment to the United States Constitution.

37. Plaintiff has incurred and will continue to incur attorney's fees to vindicate her rights, and thus is entitled to reasonable attorneys' fees according to proof.

38. Plaintiff alleges on information and belief that the conduct of the individual defendants was intentional, reckless and oppressive and was done with the intent of depriving Plaintiff of her constitutional rights. The acts of the individual defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

## VI.  JURY DEMAND

39. Plaintiff hereby demands a jury trial in this case.

**FIRST CAUSE OF ACTION**
(Violations of Civil Rights, 42 U.S.C. § 1983)
(Defendants Peecoock, Potter, and Police Officers Does 2-50)

40. Plaintiff hereby realleges paragraphs 1 through 38 of this complaint, as though set forth fully herein.

41. As a direct and proximate result of the individual Defendants actions and omissions, Plaintiff was deprived of her rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California.

42. Defendants subjected Plaintiff to Defendants wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

43. As a direct and proximate result of Defendants acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 36 through 38, above.

44. The conduct of Defendants Peecook and Potter, and Defendants Police Officers Does 2-10, and each of them, and Does 11-50, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

45. Plaintiff also claims reasonable costs and attorneys fees under 42 U.S.C. § 1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants City of Napa, and Does 51-100)

46. Plaintiffs hereby reallege paragraphs 1 through 45 of this complaint, as though set forth fully herein.

47. Defendant City of Napa and Doe defendants 51-100, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, concerning the rights of citizens, with deliberate indifference to citizens and Plaintiff s

constitutional rights, which were thereby violated as described above.

48. Defendant City of Napa and Doe defendants 51 through 100, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendants Peecook and Potter, and Police Officer Does 1-15, with deliberate indifference to citizens and Plaintiff s constitutional rights, which were thereby violated as described above.

49. The unconstitutional actions and/or omissions of Defendants Police Officers Debbie Peecook and Brett Potter, and Does 1-50, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the City of Napa Police Department and the City of Napa, including Doe defendants 51-100.

50. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendant City of Napa and Doe defendants 51-100 as described above, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 36-38 above.

**THIRD CAUSE OF ACTION**
(Violation of Americans With Disabilities Act, 42 U.S.C. §12115 et. seq.)
(All Defendants)

51. Plaintiff hereby realleges paragraphs 1 through 50 of this complaint, as though set forth fully herein.

52. Defendants discriminated against Plaintiff, solely by reason of her disability, in a program or activity of the City of Napa Police Department, when Defendants Peecook and Potter and Doe defendants 1-10 detained, arrested, transported, and incarcerated Plaintiff without permitting her to use her crutches. These actions wrongfully discriminated against Plaintiff and caused Plaintiff to be injured.

53. The City of Napa Police Department and Does 1-10 failed to modify policies, practices, or procedures for the arrest, detention, transport and incarceration of persons with Brachyolmia, dysplastic hips, and similar disabilities, and other disabled persons in need of crutches, so as to avoid discrimination against Plaintiff on the basis of her disability and caused

Plaintiff to be injured as a result.

54. The City of Napa Police Department and Does 1-10 failed to train its officers in the proper handling of persons with Brachyolmia, dysplastic hips, and similar disabilities, and other disabled persons in need of crutches, such as Plaintiff, and caused Plaintiff to be injured as a result.

55. The discriminatory practices complained of were intentional and/or committed with reckless indifference or negligent indifference to the federally protected rights of Plaintiff.

56. The defendants by their negligent disregard of the requirements of the Americans with Disabilities Act and their negligent handling, arresting, and incarceration of Plaintiff failed to exercise due care in their handling, arresting, and incarceration of Plaintiff and failed to foresee that their actions would cause Plaintiff to be injured.  As a result of the defendants negligence, Plaintiff was injured, as described in paragraphs 36-38 above, all of which allegations are herein incorporated by reference.

**FOURTH CAUSE OF ACTION**
(Assault)
(Defendants Peecook and Potter)

57. Plaintiffs hereby reallege paragraphs 1 through 35 of this complaint, as though set forth fully herein.

58. Defendants Peecook and Potter, and each of them, by committing violence against Plaintiff, placed Plaintiff in immediate fear of great bodily harm.  Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

59. As a proximate result of Defendants Peecook and Potter s intentional and wrongful conduct, Plaintiff suffered damages.

**FIFTH CAUSE OF ACTION**
(Battery)
(Defendants Peecook and Potter)

60. Plaintiff hereby realleges paragraphs 1 through 38 of this complaint, as though set forth fully herein.

61. Defendants Peecook and Potter, and each of them, by committing violence

COMPLAINT AND JURY DEMAND                    10

against Plaintiff, intentionally caused offensive contact with Plaintiff's person. Plaintiff did not consent to such violent and offensive acts and contact by Defendants Peecook and Potter, and each of them.

62. As a proximate result of Defendants Peecook and Potter's, and each of their intentional and wrongful conduct, Plaintiff suffered damages.

### SIXTH CAUSE OF ACTION
(Negligence)
(Defendants Peecook and Potter)

63. Plaintiff hereby realleges paragraphs 1 through 38 of this complaint as though fully set forth herein.

64. At all times mentioned herein, defendants, and each of them, were subject to a duty of care to avoid causing unnecessary physical harm and distress to other persons. By taking the actions described above, defendants acted negligently and without due care.

65. Plaintiff's injuries were proximately caused by the negligent and wrongful acts or omissions of Defendants Peecook and Potter, and each of them, as they used violent and excessive force against Plaintiff. Defendants Peecook and Potter, and each of them, committed those acts while employed by Defendant City of Napa Police Department and acting within the scope of their employment.

66. As a proximate result of defendants' negligent and wrongful conduct herein described, plaintiff suffered damages.

### SEVENTH CAUSE OF ACTION
(Violations of California Civil Code § 51.7)
(Defendants Peecook and Potter, and Doe defendants 1-100)

67. Plaintiff hereby realleges paragraph 1 through 39 of this complaint as though fully set forth herein.

68. In doing the things herein alleged, Defendants Peecook and Potter, and each of them, and Doe defendants 1-100, used violence and intimidation by the threat of violence against Plaintiff because of her disability and/or because of her apparent disability.

69. As a proximate result of the wrongful conduct of Defendants Peecook and Potter, and Doe defendants 1-100, and each of them, were wilful and intentional, and justifies an

award of actual damages, punitive damages up to three times actual damages, a civil penalty of $25,000, and attorneys fees pursuant to California Civil Code §52(b).

WHEREFORE Plaintiff prays for judgment as follows:

1. For general damages, including to compensate her for emotional distress, pain and suffering, according to proof at the time of trial,
2. For special damages, including loss of earnings, according to proof at the time of trial;
3. For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;
4. For costs of suit and reasonable attorneys fees;
5. For actual damages, punitive and exemplary damages, a civil penalty of $25,000, and attorneys fees pursuant to California Civil Code § 52(b);
6. For an Order to Defendants to institute and carry out policies, practices and procedures regarding the detention, arrest, handling, incarceration and transport of persons with disabilities in compliance with the ADA and the Rehabilitation Act of 1973 and to train its police officers so that they utilize such policies and practices.
7. For such other and further relief and damages as the Court may deem just and proper.

DATED: May 28, 2004

Respectfully submitted,
HELBRAUN LAW FIRM

_____
DAVID M. HELBRAUN
Attorneys for Plaintiff
STEPHANIE HERRINGTON

COMPLAINT AND JURY DEMAND   12