IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HERRINGTON,<br><br>  Plaintiff,<br><br> v.<br><br>CITY OF NAPA, et al.,<br><br>  Defendants.<br>_____ / | No. C 04-00958 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 3, 2005:

The Court **tentatively GRANTS** Defendants' motion for summary judgment. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have twenty minutes to address the following questions:

(1) In the context of warrantless arrests, the Supreme Court recently made clear that the probable-cause inquiry is not limited to offenses "closely related" to the offense invoked by the arresting officer. *See Devenpeck v. Alford*, -- U.S. --, 125 S.Ct. 588, 593-95 (2004). All that is required for a warrantless arrest to be reasonable under the Fourth Amendment is that there be probable cause to believe that a criminal offense has been or is being committed based on the facts known by the arresting officer at the time of the arrest. *Id*. at 593. The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id*. at 594. Given the holding of *Devenpeck*, does Plaintiff dispute that if Defendants had probable cause to arrest her for any crime, she cannot sustain her Section 1983 claim for false arrest?

(2) On what basis and supporting authority does Plaintiff contend that California Penal Code § 836(d) is unconstitutional?

(3) Does Plaintiff dispute that Officer Peacock had probable cause to arrest her pursuant to California Penal Code § 836(d)? If so, on what basis?

(4) If the Court concludes that Officer Peacock had probable cause to arrest Plaintiff, is there any basis on which may Plaintiff may hold the City liable on a *Monell* theory?

(5) While a single, post-event ratification may provide the basis to hold a city liable under *Monell*, generally, the Ninth Circuit has done so only when there were very clear instances of abuse and gross recklessness. *See Siwiec v. Thompson L*, 2004 WL 2480516, *22 (D.Or. Nov. 3, 2004) (summarizing Ninth Circuit law on this point). Does Plaintiff have any factually analogous cases demonstrating the City's conduct in this matter amounts to the requisite level of such abuse or gross recklessness?

(6) Does Plaintiff dispute that she is bringing a claim under Title II of the Americans With Disabilities Act, and thus, must prove intentional discrimination. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). If so, on what basis?

(7) Does Plaintiff have any authority demonstrating that oral notice of a claim may be sufficient to give rise to the defense-waiver provisions of California Government Code §§ 910.8, 911 and 911.3?

(8) If Plaintiff may give notice orally, does the deposition of Patricia Thompson at 29:10-16 and 60:11-20 demonstrate the existence of a genuine issue of material fact regarding whether Plaintiff gave sufficient notice of her claim to give rise to the defense-waiver provisions? Why or why not?

2

(9)   Do the parties have anything further to add?

Dated: June 2, 2005                                                  /s/ Jeffrey S. White
                                                                     JEFFREY S. WHITE
                                                                     UNITED STATES DISTRICT JUDGE