IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE HARRINGTON,

    Plaintiff,

v.

CITY OF NAPA, et al.,

    Defendants.

No. C 04-00958 JSW

**ORDER RE DEFENDANTS' MOTIONS *IN LIMINE* NOS. 1 & 2**

Now before the Court are Defendants' Motions *in Limine* Nos. 1 and 2 and Plaintiff's Offers of Proof. Having carefully considered the parties' papers and the relevant legal authority, the Court HEREBY ORDERS that (1) Defendants' Motion *in Limine* No. 1 is GRANTED; and (2) Defendants' Motion *in Limine* No. 2 is GRANTED IN PART and DENIED IN PART as follows:

    (a) GRANTED with respect to Officer Peecook's prior arrest of John Harrington for "lying to the police."

    (b) with respect to Plaintiff's evidence that she told the police officers before they arrested her that John Harrington had a record for armed robbery, was violent, that he had broken her nose before, and punched holes in the wall, and that she was concerned that her children were not safe alone with him, the motion is GRANTED CONTINGENT upon the parties filing a stipulation to be read to the jury:

- that Plaintiff did not pose a flight risk, did not resist arrest, and was not dangerous to the officers or others, and that the crime for which Plaintiff was

United States District Court
For the Northern District of California

    being arrested was not severe enough to warrant the use of any force beyond the standard handcuffing and transportation; and

- that Plaintiff went to her grandmother's house and brought her grandmother back because based on her concern for her children's safety, Plaintiff did not want to leave her children alone with John Harrington;

  (c) with respect to evidence of John Harrington's injuries; GRANTED CONTINGENT upon the parties filing a stipulation to be read to the jury that John Harrington's injuries, if any, were minor;

  (d) GRANTED with respect to Officer Peecook's comments at the jail; and

  (e) DENIED with respect to Plaintiff's evidence that she and John Harrington had an argument, she took the phone receiver to call 911, but he held the base so she could not dial, and he pulled down on the cord to the receiver, so she threw down the receiver, all of which Plaintiff told to the officers.

**IT IS SO ORDERED.**

Dated: August 5, 2005

                         JEFFREY S. WHITE
                         UNITED STATES DISTRICT JUDGE