United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    STEPHANIE HARRINGTON,
                                                    No. C 04-00958 JSW
10              Plaintiff,

11        v.
                                                    **PRELIMINARY JURY**
12   POLICE OFFICER DEBBIE PEECOOK and              **INSTRUCTIONS**
     POLICE OFFICER BRETT POTTER, in their
13   individual and official capacities,

14              Defendants.

15   _____/

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**VIOLATIONS OF FEDERAL CIVIL RIGHTS — ELEMENTS
AND BURDEN OF PROOF**

On the plaintiff's claim for the use of excessive force in violation of the Fourth Amendment to the United States Constitution, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

        1.     the acts or omissions of the defendants were intentional;

        2.     the defendants acted under color of law; and

        3.     the acts or omissions of the defendants were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

United States District Court

For the Northern District of California

3

**United States District Court**

For the Northern District of California

**EXCESSIVE FORCE—UNREASONABLE SEIZURE—LAWFUL ARREST**

The plaintiff claims the defendants, by using excessive force in making a lawful arrest, deprived plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable seizure.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest. In deciding whether excessive force was used, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances.

Some of the things you may want to consider in determining whether the defendant used excessive force are the severity of the crime at issue, whether the plaintiff posed a reasonable threat to the safety of the officer or others, and whether the plaintiff was actively resisting detention or attempting to escape.

4

**NO SPECIFIC INTENT REQUIRED**

It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of her constitutional rights, or that he acted with malice or ill in order to find for the plaintiff. The plaintiff is entitled to relief if the defendant intended the actions which resulted in a violation of her constitutional rights. Whether the defendant acted with subjective good faith is irrelevant, and plaintiff need not prove that the defendant officers had an evil heart.

Because you are to determine whether the officers' use of force was objectively reasonable, you should disregard the officer's underlying intent or motivation, regardless of whether that intent or motivation was good or evil.

United States District Court

For the Northern District of California

**REASONABLENESS OF FORCE USED IF IT AGGRAVATES PRE-EXISTING CONDITION UNKNOWN TO OFFICER**

What would otherwise be considered reasonable force does not become excessive force simply because the force aggravates a pre-existing condition which was unknown to the officer at the time the force was used.

United States District Court

For the Northern District of California

**LIABILITY FOR ONE OFFICER'S FAILURE TO INTERCEDE TO PREVENT
UNREASONABLE FORCE BY OTHER OFFICER**

An officer has a duty to intercede when a fellow officer violates the constitutional rights of a suspect.  An officer who fails to intercede if another officer uses unreasonable force in the course of an arrest would also be responsible for subjecting the suspect to a deprivation of her Fourth Amendment Rights.

1

2

### CLAIMS AND DEFENSES

3        To help you follow the evidence, I will give you a brief summary of the positions of the

4   parties:

5        The plaintiff, Stephanie Harrington, claims that Defendants Debbie Peecook and Brent

6   Potter, both Officers in the City of Napa Police Department, used unreasonable and excessive force

7   against her when they handcuffed her and escorted her outside her house to a waiting patrol car,

8   without the use of her crutches.  The incident happened on the night of May 25, 2003, while the

9   defendant officers were lawfully arresting Plaintiff for alleged domestic violence against her

10  husband.

11       Plaintiff also claims that Defendant Peecook acted with reckless indifference to Plaintiff's

12  rights, and that Defendant Potter failed to intercede to stop Officer Peecook.  Plaintiff brings claims

13  for violation of her right to be free from excessive force under the Fourth Amendment to the United

14  States Constitution.

15       The defendants, Officers Peecook and Potter, deny those claims, and contend that the force

16  they used, if any, against Plaintiff was reasonable under the circumstances.

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

        (1)     the sworn testimony of any witness;

        (2)     the exhibits which are received into evidence; and

        (3)     any facts to which the lawyers stipulate.

**United States District Court**

For the Northern District of California

# WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

           (1)      statements and arguments of the attorneys;

           (2)      questions and objections of the attorneys;

           (3)      testimony that I instruct you to disregard; and

           (4)      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**United States District Court**

For the Northern District of California

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or hear or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witnesses says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness' memory;

    (3)    the witness' manner while testifying;

    (4)    the witness' interest in the outcome of the case and any bias or prejudice;

    (5)    whether other evidence contradicted the witness' testimony;

    (6)    the reasonableness of the witness' testimony in light of all the evidence; and

    (7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**CREDIBILITY OF WITNESSES (POLICE)**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating the officer's credibility you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

United States District Court

For the Northern District of California

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.   You will not have a transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

United States District Court

For the Northern District of California

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

1

**OUTLINE OF TRIAL**

2

3      The next phase of the trial will now begin.   First, each side may make an opening

4 statement.   An opening statement is not evidence.   It is simply an outline to help you understand

5 what that party expects the evidence will show.   A party is not required to make an opening

6 statement.

7      The plaintiff will then present evidence, and counsel for the defendant may cross-examine.

8 Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

9      After the evidence has been presented, I will instruct you on the law that applies to the case

10 and the attorneys will make closing arguments.

11      After that, you will go to the jury room to deliberate on your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**DEPOSITIONS**

One or both of the parties may present excerpts of videotaped depositions in their opening statements.   A deposition is the sworn testimony of a witness taken before trial.   The witness is placed under oath to tell the truth and lawyers for each party may ask questions.   The questions and answers are recorded.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  Put another way, "preponderance of the evidence" means evidence that has more convincing force than that opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue predominates, your finding on that issue must e against the party who had the burden of proving it.

You should base your decision on all of the evidence, regardless of which party presented it.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**IMPEACHMENT BY CONVICTION OF CRIME**

The evidence that a witness has been convicted of a crime may be considered only as it may affect the believability of that witness and for no other purpose.

United States District Court

For the Northern District of California