**United States District Court**

**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE HARRINGTON,

        Plaintiff,

    v.

POLICE OFFICER DEBBIE PEECOOK and
POLICE OFFICER BRETT POTTER, in their
individual and official capacities,

        Defendants.

_____/

No. C 04-00958 JSW

**FINAL JURY INSTRUCTIONS**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

United States District Court

For the Northern District of California

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

United States District Court

For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a questions is improper under the rules of evidence. You should not e influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

United States District Court

For the Northern District of California

4

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court

For the Northern District of California

**BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. Put another way, "preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue predominates, your finding on that issue must be against the party who had the burden of proving it.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

6

**United States District Court**

For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# CREDIBILITY OF WITNESSES (POLICE)

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating the officer's credibility you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

United States District Court

For the Northern District of California

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

When a person is unavailable to testify at trial, the deposition of what person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The depositions of John Harrington and Dr. Jim Anderson were presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

United States District Court

For the Northern District of California

11

**IMPEACHMENT BY CONVICTION OF CRIME**

The evidence that a witness has been convicted of a crime may be considered only as it may affect the believability of that witness and for no other purpose.

**VIOLATIONS OF FEDERAL CIVIL RIGHTS — ELEMENTS**

**AND BURDEN OF PROOF**

On the plaintiff's claim for the use of excessive force in violation of the Fourth Amendment to the United States Constitution, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

      1.      the acts or omissions of the defendants were intentional;

      2.      the defendants acted under color of law; and

      3.      the acts or omissions of the defendants were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendants.

United States District Court

For the Northern District of California

**EXCESSIVE FORCE—UNREASONABLE SEIZURE—LAWFUL ARREST**

The plaintiff claims the defendants, by using excessive force in making a lawful arrest, deprived plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable seizure.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest. In deciding whether excessive force was used, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances.

Some of the things you may want to consider in determining whether the defendants used excessive force are the severity of the crime at issue, whether the plaintiff posed a reasonable threat to the safety of the officer or others, and whether the plaintiff was actively resisting detention or attempting to escape.

United States District Court

For the Northern District of California

14

United States District Court

For the Northern District of California

**NO SPECIFIC INTENT REQUIRED**

It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of her constitutional rights, or that they acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if the defendants intended the actions which resulted in a violation of her constitutional rights.  Whether the defendants acted with subjective good faith is irrelevant, and plaintiff need not prove that the defendant officers had an evil heart.

Because you are to determine whether the officers' use of force was objectively reasonable, you should disregard the officers' underlying intent or motivation, regardless of whether that intent or motivation was good or evil.

1

**REASONABLENESS OF FORCE USED IF IT AGGRAVATES PRE-EXISTING**

2

**CONDITION UNKNOWN TO OFFICER**

3

4          What would otherwise be considered reasonable force does not become excessive force

5   simply because the force aggravates a pre-existing condition which was unknown to the officers at

6   the time the force was used.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**LIABILITY FOR ONE OFFICER'S FAILURE TO INTERCEDE TO PREVENT UNREASONABLE FORCE BY OTHER OFFICER**

An officer has a duty to intercede when a fellow officer violates the constitutional rights of a suspect.  An officer who fails to intercede if another officer uses unreasonable force in the course of an arrest would also be responsible for subjecting the suspect to a deprivation of her Fourth Amendment Rights.

United States District Court

For the Northern District of California

17

**PROOF / MEASURE OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of providing damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment and services which with reasonable probability will be required in the future;

The reasonable value of wages lost to the present time;

The reasonable value of wages which with reasonable probability will be lost in the future;

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**DAMAGES--AGGRAVATION OF PREEXISTING CONDITION**

A person who has a condition or disability at the time of an injury is not entitled to recover damages therefor.  However, a plaintiff is entitled to recover damages for any aggravation of a preexisting condition or disability, caused by the injury.

This is true even if a condition or disability made plaintiff more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

Where a preexisting condition or disability is so aggravated, the award of damages is limited to the additional injury caused by the aggravation.

United States District Court

For the Northern District of California

19

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

Any award future economic damages must be for the present cash value of those damages. Non-economic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary produce, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

United States District Court

For the Northern District of California

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

United States District Court

For the Northern District of California

**ELECTION OF FOREPERSON – SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court. A form of Special Verdict has been prepared for your convenience. You will take this form to the jury room.

You will note that each of the interrogatories or questions calls for a yes or no answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided below each question. As you will note from the wording of the questions, it will not be necessary to consider or answer any subsequent questions if your answer to the yes/no questions is "no."

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

United States District Court

For the Northern District of California

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**United States District Court**

For the Northern District of California

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.