1   DAVID M. HELBRAUN (SBN 129840)
    **HELBRAUN LAW FIRM**
2   180 Sutter Street, Suite 200
    San Francisco, California 94104
3   Telephone: (415) 982-4000
    Facsimile: (415) 352-0988
4
    DAVID HICKS, APLC (SBN 053750) (Fee Counsel)
5   2200 Powell street, Suite 990
    Emeryville, CA 94608
6   Telephone: (510) 595-2000
    Facsimile: (510) 594-9555
7
    Attorneys for Plaintiff
8   STEPHANIE HARRINGTON

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  STEPHANIE HARRINGTON,          )   Case No. C04-00958 JSW
                                   )
13              Plaintiff,         )   **[PROPOSED] ORDER GRANTING**
    v.                             )   **PLAINTIFF'S MOTION FOR**
14                                 )   **ATTORNEYS FEES AND COSTS**
    CITY OF NAPA, a municipal entity, )
15  POLICE OFFICER DEBBIE          )
    PEECOOK, POLICE OFFICER BRETT  )
16  POTTER, in their individual and official )
    capacities, and DOES 1-100, Jointly and )
17  Severally,                     )
                                   )
18              Defendants.        )
                                   )
19

20       The Motion of Plaintiff Stephanie Harrington for an award of fees and costs as prevailing

21  party in a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 came on regularly for

22  hearing before the Court on October 14, 2005 at 9:00 a.m. in Courtroom 2, 17th Floor, of the

23  United States District Court for the Northern District of California, the Honorable Judge Jeffrey S.

24  White presiding.

25       David Hicks of David Hicks APLC and David M. Helbraun appeared on behalf of

26  Plaintiff, the moving party.  David C. Jones of the City of Napa Attorney's Office appeared on

27  behalf of Defendants Debbie Peecook and Brent Potter.

28       THE COURT, having received and reviewed the parties' moving, opposition, and reply

---

**[PROPOSED] ORDER GRANTING PLAINTIFF'S  MOTION FOR ATTORNEYS FEES AND COSTS**
**Case No.  C-04-00958 JSW**

briefings and supporting papers, and having made its tentative ruling, and having heard the oral argument of counsel, finds as follows:

Counsel on both sides performed their duties in the highest traditions of the bar.

Plaintiff is the prevailing party. The jury judged her credibility and determined that she had a legitimate claim and injury.

Defendants did not act in bad faith and had the right to litigate this case to the full extent permitted by law, and did so. However, defendants' good faith is not a special circumstance which would justify a denial of fees. Nor is the amount of fees tied to the amount of the recovery, for the Congress did not say that only large claims, and not smaller cases and injunctive relief cases, should be brought. Nor is the potential burden upon taxpayers, nor the fact that plaintiff could not and did not pay fees to her counsel, such a special circumstance, either.

Instead, Congress has stated that the civil rights of all of our citizens shall be protected. While the purpose of federal civil rights attorney fee awards is not to punish defendants, it has been determined by Congress that such awards are necessary to protect civil rights.  Congress established a scheme of enforcement of these rights, not by the government, but instead by leaving the enforcement of civil rights to private attorneys general such as plaintiff's counsel, David M. Helbraun, and Congress has dictated that prevailing plaintiffs shall be entitled to a fully compensable award of attorneys fees. Such fee awards are not gifts but are necessary compensation for important work in vindicating our national laws. The amount of the fee awarded is not dictated by the amount of the recovery unless such recovery is de minimus.

Here, the recovery was not de minimus, and was larger than the proposal that plaintiff made to resolve her physical injuries that defendants rejected at the outset, before she filed suit. Defendants did not make any settlement offers whatsoever at any time during the litigation, including after the hearing on defendants' Motion for Partial Summary Judgment, when this Court expressly directed the parties to a Settlement Conference before a Magistrate Judge.

The Court is of the opinion that at that critical juncture plaintiff would have settled her claim and her attorneys fees for far less than would be appropriate and necessary to compensate an

---

1  attorney for the work required to endure and succeed at trial, facing many pitfalls. Defendants
2  were unable to state in summary judgment any valid reason why the actions of Officer Peecock
3  should not go to trial, and were unable to obtain the dismissal of Officer Potter.

4      Plaintiff's counsel continued to seek a resolution of this matter short of trial without
5  success, and was put to the test of trial. Defendant was fully justified in exercising its right to put
6  plaintiff to that test and would not be complaining if she had failed. Unfortunately, those who
7  choose to litigate vigorously cannot complain when that choice puts a party with a legitimate
8  claim to great legal expense. The cost of that expense should not fall upon counsel for the
9  prevailing party. Accordingly,

10     THE COURT HEREBY ORDERS that Plaintiff's motion is GRANTED.

11     City of Napa and defendants Peecook and Potter shall pay to plaintiff attorneys fees in the
12  amount of $_____, including $_____ for the fee motion work of attorney David Hicks,

13     City of Napa and defendants Peecook and Potter shall pay to plaintiff costs in the amount
14  of $_____.

15     The judgment shall be amended to reflect these amounts in addition to those awarded by
16  the jury by Special Verdict on August 24, 2005.

17     IT IS SO ORDERED.

18  DATED:   October ___, 2005

19

20     _____
21     JUDGE JEFFREY S. WHITE
       UNITED STATES DISTRICT COURT JUDGE

22

23

24

25

26

27

28