DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
180 Sutter Street, Suite 200
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 352-0988

DAVID HICKS, APLC (SBN 053750) (Fee Counsel)
2200 Powell street, Suite 990
Emeryville, CA 94608
Telephone: (510) 595-2000
Facsimile: (510) 594-9555

Attorneys for Plaintiff
STEPHANIE HARRINGTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HARRINGTON, <br><br> Plaintiff, <br> v. <br><br> CITY OF NAPA, a municipal entity, POLICE OFFICER DEBBIE PEECOOK, POLICE OFFICER BRETT POTTER, in their individual and official capacities, and DOES 1-100, Jointly and Severally, <br><br> Defendants. | Case No. C04-00958 JSW <br><br> **DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Date: October 14, 2005 <br> Time: 9:00 a.m. <br> Court: 2, 17th Floor <br><br> Honorable Jeffrey S. White |

I, Richard M. Pearl, declare:

1.      I am a member in good standing of the California State Bar.  I was retained by Plaintiffs, through their counsel, to assist them on their motion for reasonable attorneys' fees in this matter. This declaration is submitted in support of Plaintiffs' Motion for Award of Reasonable Attorneys' Fees.

**BACKGROUND AND EXPERIENCE**

2.      Briefly summarized, my background is as follows:  I am a 1969 graduate of Boalt Hall School of Law, University of California, Berkeley.  After graduation, I spent fourteen years in federally funded legal services programs before going into private practice in 1982.  From 1977

to 1982, I was Director of Litigation for California Rural Legal Assistance, Inc., a statewide legal services program with more than fifty attorneys.  Since April 1987, I have been a sole practitioner in the San Francisco Bay Area.   A copy of my Resume is attached hereto as Exhibit A.

3.      Since 1982, my practice has been a general civil litigation and appellate practice, with an emphasis on cases and appeals involving court-awarded attorneys' fees.  I have lectured and written extensively on court-awarded attorneys' fees.   I have been a member of the California State Bar's Attorneys Fees Task Force and have testified before the State Bar Board of Governors and the California Legislature on attorneys' fee issues.  I am the author of California Attorney Fee Awards, 2d Ed. (Calif. Cont. Ed. of Bar 1994), and its 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004 Supplements.  I also authored the 1984, 1985, 1987, 1988, 1990, 1991, 1992, and 1993 Supplements to CEB's California Attorney's Fees Award Practice.  In addition, I authored a federal manual on attorneys' fees entitled Attorneys' Fees: A Legal Services Practice Manual, published by the Legal Services Corporation.  I also co-authored the chapter on "Attorney Fees" in Volume 2 of CEB's Wrongful Employment Termination Practice, 2d Ed. (1997).

4.      More than 90% of my practice is devoted to issues involving court-awarded attorney's fees.  I have been counsel in over 140 attorneys' fee applications in state and federal courts, primarily representing other attorneys.  I also have briefed and argued more than 40 appeals, at least 25 of which have involved attorneys' fees issues. In the past five years, I have successfully handled four cases in the California Supreme Court involving court-awarded attorneys' fees: 1) Delaney v. Baker (1999) 20 Cal.4th 23, which held that heightened remedies, including attorneys' fees, are available in suits against nursing homes under California's Elder Abuse Act;  2) Ketchum v. Moses (2001) 24 Cal.4th 1122, which held, inter alia, that contingent risk multipliers remain available under California attorney fee law, despite the United States Supreme Court's  contrary ruling on federal law (note that in Ketchum, I was primary appellate counsel in the Court of Appeal and "second chair" in the Supreme Court); 3) Flannery v. Prentice (2001) 26 Cal.4th 572, which held that in the absence of an agreement to the contrary, statutory attorneys' fees belong to the attorney whose services they are based upon; and 4)  Graham v. DaimlerChrysler Corp. (2004) 34 Cal.4th 553, which I handled, along with trial counsel, in both

1    the Court of Appeal and Supreme Court.

2         5.     I have been retained as an expert witness on attorneys' fee issues on at least 25

3    occasions, on behalf of both fee claimants and those opposing fee applications.  On at least ten

4    (10) occasions, I have been qualified as an expert on attorneys' fees in judicial proceedings and

5    arbitrations.  I also have served as an arbitrator and mediator of attorney fee issues.

6         6.     The current rate for my services is $495 per hour. That is the rate I charge market-

7    rate clients for my services.   My hourly rates have been found reasonable by numerous courts.

8    Most recently, my 2004 hourly rate of $475 per hour was found reasonable by Judge John J.

9    Golden, retired, in *Sierra Club v. Placer County,* Placer County Superior Court No. SCV-12789,

10   Order Awarding Attorney Fees filed March 9, 2005, and in *Environmental Protection Information*

11   *Center et al v. California Dept. of Forestry and Fire Protection et al (Pacific Lumber Co., Real*

12   *Party in Interest)*, Humboldt County Superior Court No. CV990445, Order Awarding Attorney

13   Fees filed September 24, 2004.  It also was found reasonable in *Jordan v. Dept. of Motor*

14   *Vehicles,* JAMS Ref. No. 1100040574, Arbitration Decision and Award dated April 14, 2004, and

15   the federal government conceded it was reasonable in an on-going Consent Decree enforcement

16   case.  My 2003 hourly rate of $450 per hour was found reasonable by Judge Robert B. Freedman

17   in *Chopra et al v. ADVO, Inc.*, Alameda County Superior Court No. CH221306-2, by Judge

18   Richard L. Gilbert (retired), serving as Arbitrator in *Planning and Conservation League v.*

19   *Department of Water Resources*, Sacramento Superior Court No. 95ASCS03216, and by Judge

20   Michael S. Fields in *Sanchez, et al. v. Sea Mist Farms, LLC, et al.,* Monterey County Superior

21   Court No. M56954.

22        7.     I am frequently called upon to opine about the reasonableness of hourly rates, and

23   my declarations on that issue have been cited favorably by numerous courts.  Much of the

24   extensive evidence I have obtained on this issue is set forth below.  It shows that the hourly rates

25   being claimed by Plaintiffs' law firm here are in line with the hourly rates charged by attorneys of

26   equivalent experience, skill, and expertise for comparable work.

27        8.     Through my writing and practice, I have become familiar with the market rates

28   charged by attorneys in California and elsewhere.  This familiarity has been obtained in several

ways:  (1) by handling attorneys' fee litigation; (2) by discussing fees with other attorneys; (3) by obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (4) by reviewing attorneys' fee applications and awards in other cases, as well as articles on attorney's fees in the legal newspapers and treatises.  This information I have gathered shows that the hourly rates being claimed by Plaintiffs' counsel in this case are reasonable.  Specifically, the reasonableness of counsel's rates is shown by the following facts regarding the non-contingent rates charged by attorneys for comparable services:

        a.      <u>Rates found reasonable in other cases.</u>

2005 Rates

        (1)     *Krumme v. Mercury Ins. Co.*, San Francisco Superior Court No. 313367 (Order Awarding Attorney's Fees on Appeal and Post-Appeal Pursuant to Code of Civil Procedure Section 1021.5, filed July 12, 2005), in which Judge Robert Dondero awarded plaintiff's counsel the following hourly rates:

| <u>Years of Experience</u> | <u>Rate</u> |
|---|---|
| 22-24 | $490 |
| 19 | 475 |
| 11 | 375 |
| 3 | 275 |
| Paralegal | 125 |

2004 Rates

        (1)     *Gustafson, et al. v. University of California at Berkeley*, N.D. Cal. No. C-97-4016 BZ (Order Granting Final Approval of Class Action Settlement Agreement, filed March 23, 2005), in which the court found the following 2004 rates reasonable.

| <u>Years of Experience</u> | <u>Rate</u> |
|---|---|
| 43 | $595 |
| 19 | $495 |
| 11 | $435 |
| 8 | $330 |
| 4 | $275 |
| 3 | $235 |
| Paralegal | $135 |

        (2)     *Zuckman v. Allied Group, Inc.,* N.D. Cal. No. C-02-05800 SI (Order Granting Final Approval of Class Settlement and Awarding Attorney's Fees and Costs, filed September 7,

2004), in which the court found the following 2004 rates reasonable, plus a 2.29 multiplier:

| Years of Experience | Rate |
|---|---|
| 26 | $475 |
| 21 | 575 |
| 12 | 375 |
| 9 | 385 |
| 6 | 320 |
| 2 | 285 |

(3)  *Millar v. San Francisco Bay Area Rapid Transit Dist.,* Alameda County Superior Court No. 830013-9, in which Judge George C. Hernandez, Jr., awarded the following 2004 rates:

| Years of Experience | Rate |
|---|---|
| 42 | $600 |
| 24 | 490 |
| 11 | 350 |
| 7 | 325 |
| 2 | 230 |
| Paralegal | 160 |

2003 Rates

(1)  *Microsoft I-V Cases*, San Francisco Superior Court No. J.C.C.P. No. 4106 (Order and Statement of Decision re Class Counsel's Petition for Attorneys' Fees and Costs, filed September 9, 2004), in which Judge Paul H. Alvarado awarded fees at the following 2003 rates, plus a 2.0 multiplier for much of the work:

| Years of Experience | Rate |
|---|---|
| 52 | $590 |
| 39 | 550 |
| 36 | 550 |
| 25 | 520 |
| 24 | 485 |

(2)  *Krumme v. Mercury Ins. Co.*, San Francisco Superior Court No. 313367 (Order Awarding Attorney's Fees Pursuant to Code of Civil Procedure Section 1021.5, filed July 14, 2003, affirmed on appeal as 123 Cal.App.4th 9 (2004)), in which Judge Robert Dondero awarded plaintiff's counsel the following hourly rates, plus a 1.5 multiplier:

| Years of Experience | Rate |
|---|---|
| 22 | $450 |
| 18 | 425 |
| Associate | 250 |

1         Paralegals                     100

2        (3)    *California Advocates for Nursing Home Reform v. Bonta,* San Francisco

3 Superior Court No. 315107, Statement of Decision filed April 13, 2004, in which Judge James L.

4 Warren awarded the following 2003 rates, plus a 2.0 multiplier:

| Years of Experience | Rate |
|---|---|
| 30 | $475 |
| 21 | 375 |
| 9 | 275 |
| 7 | 325 |
| 6 | 250 |
| Paralegal | 160 |

10        (3)    *Medical Advocates for Healthy Air, etc., v. Horinko,* N.D. Cal. No. C-02-

11 5102 CRB-EDL, Report and Recommendations to Grant in Part and Deny in Part Motion for

12 Award of Attorneys' Fees and Costs, dated February 2, 2004, in which United States Magistrate

13 Judge Elizabeth D. Laporte recommended the following 2003 rates:

| Years of Experience | Rate |
|---|---|
| 20 | $400 |
| 5 | 275 |
| Law Clerk | 100 |
| Paralegal | 105 |

17                                        2002 Rates

18        (1)    *Kotla v. Regents of Univ. of Calif.,* Alameda County Superior Court No. V

19 014799-8, Order Granting Plaintiff's Motion for Award of Attorneys Fees and Satisfaction of Lien

20 filed November 6, 2002, reversed on other grounds, (2004) 115 Cal. App.4th 283, in which Judge

21 Yolanda N. Northridge awarded 2002 rates as follows, plus a 1.5 lodestar enhancement:

| Years of Experience | Rate |
|---|---|
| 40 | $500 |
| 31 | 450 |
| 7 | 250 |
| Paralegals | 100 |

25        (2)    *Gordon v. Boas International Motors*, San Francisco Superior Court No.

26 318475, Fee Order dated May 30, 2003, in which Judge David L. Ballati awarded the following

27 2002 rates, plus a 1.5 multiplier:

28 XXX

| Years of Experience | Rate |
|---|---|
| 33 | $425 |
| 10 | 350 |

    b.    <u>Surveys of Rates</u>.  The reasonableness of counsel's rates also is shown by published materials on rates, including the article which appeared in *The Recorder*, on December 9, 2003 (attached hereto as Exhibit B).

    c.    <u>Testimony from Other Cases</u>. I have reviewed numerous declarations and depositions filed in other cases.  These show that the hourly rates for complex litigation undertaken on a non-contingent basis by the following California law firms, listed in alphabetical order, are as follows:

<u>Altshuler, Berzon, Nussbaum, Rubin & Demain</u>

<u>2004 Rates:</u>

| Years Experience | Rate |
|---|---|
| 35-36 | $495 |
| 10 | 350 |
| 8 | 320 |
| 7 | 305 |
| 5 | 275 |
| Law Clerks | 160 |
| Paralegals | 145 |

<u>Bushnell Caplan & Fielding</u>

<u>2005 Rates:</u>

| Years Experience | Rate |
|---|---|
| 36 | $540 |
| 13 | 400 |

<u>Chavez & Gertler</u>

<u>2005 Rates:</u>

| Years Experience | Rate |
|---|---|
| Partners | |
| 26 | $515 |
| Associates | |
| 16 | 475 |
| 10 | 395 |

XXX

<u>2004 Rates:</u>

| Years Experience | Rate |
|---|---|
| Partners | |
| 25 | $495 |
| 27 | 485 |
| 21 | 485 |
| Associates | |
| 15 | 445 |
| 14 | 385 |
| 16 | 385 |
| 13 | 385 |
| 12 | 375 |
| 9 | 335 |
| Paralegals | 155-175 |
| Legal Assistants | 105 |

<u>2003 Rates:</u>

| Years Experience | Rate |
|---|---|
| Partners | |
| 24 | $485 |
| 26 | 475 |
| 20 | 465 |
| Associates | |
| 14 | 425 |
| 13 | 375 |
| 15 | 355 |
| 11 | 345 |
| 8 | 305 |
| 3 | 275 |
| Paralegals | 135-165 |
| Legal Assistants | 95 |

<u>2002 Rates:</u>

| Years Experience | Rate |
|---|---|
| Partners | |
| 23 | $465 |
| 25 | 455 |
| 19 | 425 |
| Associates | |
| 13 | 385 |
| 14 | 325 |
| 31 | 295 |
| 10 | 295 |
| 7 | 275 |
| Legal Assistants | 85-140 |

<u>2001 Rates:</u>

| Years Experience | Rate |
|---|---|
| 22 | $450 |
| 18 | 415 |

| | |
|---|---|
| 12 | 365 |
| 11 | 355 |
| 9 | 285 |
| 6 | 265 |
| Legal Assistants | 85-95 |

## Cooley Godward LLP

### 2003 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 30 | 700 |
| 34 | 550 |
| 20 | 450-485 |
| 15 | 475 |
| 20 | 425 |
| 14 | 415 |
| Associates | |
| 5 | 410 |
| 3 | 270-395 |
| 7 | 385 |
| 5 | 325 |
| 2 | 230-270 |
| 1 | 215-240 |
| Legal Assistants | 115-185 |

### 2001 Rates:

| Years Experience | Rate |
|---|---|
| 28 | $600 |
| 18 | 435 |
| 8 | 370 |
| 7 | 365 |
| 4 | 270 |
| 3 | 240 |
| Legal Assistants | 90-160 |

## Goldstein, Demchak, Baller, Borgen & Dardarian

### 2004 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 34 | $500-525 |
| 28 | 500 |
| 23 | 450 |
| 17 | 425 |
| Associates | |
| 11 | 340 |
| 10 | 330 |
| 9 | 320 |
| 5 | 265 |

---

2003 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 33 | $500 |
| 27 | 475 |
| 22 | 425 |
| 16 | 400 |
| Associates | |
| 10 | 315 |
| 9 | 305 |
| 8 | 295 |
| 7 | 295 |
| 5 | 250 |
| Law Clerks | 175 |
| Senior Paralegal | 160 |
| Paralegal | 120-140 |

2002 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 32 | $500 |
| 32 | 450 |
| 26 | 440 |
| 21 | 390 |
| 15 | 350 |
| Associates | |
| 14 | 330 |
| 12 | 305 |
| 9 | 270 |
| 8 | 260 |
| 7 | 250 |
| 4 | 230 |
| Law Clerks | 175 |
| Sr. Paralegals | 160 |
| Paralegals | 140 |
| Entry Level Paralegals | 120 |
| Database Specialist | 150-160 |

Heller, Ehrman, White & McAuliffe

2004 Rates:

| Years of Experience | Rate |
|---|---|
| (Partners) | |
| 31 | $707 |
| 28 | 563 |
| 28 | 536 |
| 26 | 536 |
| 31 | 531 |
| 17 | 504 |
| 13 | 486 |
| 24 | 477 |
| 28 | 473 |

| | |
|---|---|
| 16 | 446 |
| 12 | 414 |
| 25 | 410 |
| (Associates) | |
| 24 | 446 |
| 36 | 410 |
| 18 | 387 |
| 22 | 383 |
| 19 | 369 |
| 8 | 369 |
| 7 | 356 |
| 8 | 356 |
| 6 | 293 |
| 4 | 270 |

2003 Rates:*

| Years of Experience | Rate |
|---|---|
| (Partners) | |
| 29 | $662 |
| 41 | 617 |
| 26 | 513 |
| 22 | 473 |
| 15 | 473 |
| 21 | 446 |
| 21 | 441 |
| 30 | 441 |
| 26 | 441 |
| 14 | 405 |
| 27 | 396 |
| (Associates) | |
| 24 | 383 |
| 10 | 378 |
| 10 | 378 |
| 20 | 356 |
| 11 | 356 |
| 17 | 351 |
| 6 | 338 |
| 4 | 324 |
| 5 | 297 |
| 6 | 288 |
| 13 | 266 |
| 2 | 230 |
| 2 | 230 |
| 4 | 185 |
| Paralegals | 77-203 |

*(May be discounted rates)

2002 Rates:

| Years of Experience | Rate |
|---|---|
| (Partners) | |
| 30 | $630 |
| 28 | 510 |

| | |
|---|---|
| 25 | 465-535 |
| 24 | 475 |
| 20 | 460 |
| 17 | 495 |
| 14 | 420 |
| 13 | 418 |
| 10 | 425 |
| (Associates) | |
| 9 | 390 |
| 8 | 360 |
| 5 | 350 |
| 4 | 320 |
| 3 | 290 |
| 2 | 240 |
| 1 | 200-210 |
| Paralegals | 170-200 |

2001 Rates:

| Years of Experience | Rate |
|---|---|
| 39 | $625 |
| 32 | 525 |
| 26 | 470 |
| 23 | 425 |
| 4 | 310 |
| 3 | 280 |
| 1 | 195 |
| Litigation Paralegals | 68-140 |

Howard, Rice, Nemerovski, Canady, Robertson & Falk

2002 Rates:

| Years Since Bar Admission | Rate |
|---|---|
| (Directors) | |
| 35 | $511.25 |
| 33 | 480 |
| 29 | 490 |
| 28 | 557.50 |
| 27 | 480 |
| 26 | 557.50 |
| 26 | 465 |
| 25 | 445 |
| 23 | 430 |
| 21 | 450 |
| 20 | 400 |
| 18 | 400 |
| 17 | 400 |
| 16 | 390 |
| 13 | 390 |
| 12 | 375 |
| 11 | 355 |
| 10 | 345 |
| 10 | 270 |

| | | |
|---|---|---|
| 8 | 325 | |
| (Associates) | | |
| 8 | 297.50 | |
| 7 | 297.50 | |
| 6 | 297.50 | |
| 6 | 287.50 | |
| 5 | 272.50 | |
| 4 | 287.50 | |
| 4 | 272.50 | |
| 4 | 262.50 | |
| 3 | 262.50 | |
| 3 | 247.50 | |
| 2 | 247.50 | |
| 2 | 222.50 | |
| 1 | 222.50 | |
| 1 | 193.75 | |

2001 Rates:

| Years of Experience | Rate |
|---|---|
| 36 | $550 |
| 27 | 475 |
| 25 | 430 |
| 20 | 395 |
| 18 | 385 |
| 16 | 385 |
| 8 | 300 |
| 5 | 265 |
| 4 | 255 |
| 3 | 215 |
| 2 | 215 |
| Paralegals | 95-185 |

Keker & Van Nest
2003 Rates:

| Years of Experience | Rate |
|---|---|
| 25 | $650 |
| 23 | 580 |
| 9 | 380 |
| 6 | 300 |
| 3 | 270 |
| Paralegals | 150-180 |

2002 Rates:

| Years of Experience | Rate |
|---|---|
| 24 | $600 |
| 21 | 500 |
| 8 | 350 |
| 5 | 270 |
| 4 | 250 |
| Paralegals | 90-160 |

| Case Assistants | 60 |
|---|---|

**2001 Rates:**

| Years Experience | Rate |
|---|---|
| 23 | $550 |

Levy, Ram & Olson

**2005 Rates:**

| Years of Experience | Rate |
|---|---|
| 25 | $490 |
| 23 | 490 |
| 12 | 375 |
| 4 | 275 |

Lieff, Cabraser, Heimann & Bernstein

**2005 Rates:**

| Years Experience | Rate |
|---|---|
| 35 | $650 |
| 22 | 575 |
| 5 | 305 |

**2004 Rates:**

| Years Experience | Rate |
|---|---|
| 35 | $490 |
| 22 | 460 |
| 5 | 290 |

**2003 Rates:**

| Years of Experience | Rate |
|---|---|
| (Partners) | |
| 42 | $600 |
| 32 | 600 |
| 30 | 525 |
| 29 | 575 |
| 26 | 600 |
| 25 | 485 |
| 21 | 525 |
| 17 | 485 |
| 16 | 485 |
| 15 | 430- 475 |
| 13 | 430-450 |
| 12 | 375 |
| 11 | 425- 430 |
| (Associates) | |
| 8 | 310-315 |
| 6 | 300-305 |
| 5 | 295 |

| | |
|---|---|
| 4 | 285-295 |
| 3 | 275 |
| 2 | 250-285 |

### Milbank, Tweed, Hadley & McCloy

#### 2002 Rates:

| Years of Experience | Rate |
|---|---|
| 25 | $595 |
| 15 | 520 |
| 10 | 500 |
| 9 | 465 |
| 6 | 425 |
| 5 | 425 |
| 4 | 400 |
| 2 | 350 |
| 1 | 325 |
| Summer Associates | 185 |
| Legal Assistants | 110-145 |
| Case Clerk | 40 |

### Milberg Weiss Bershad Lerach & Hynes, LLP

#### (*now* Lerach Coughlin Stoin & Robbins)

#### 2003 Rates:

| Years Experience | Rate |
|---|---|
| 39 | $650 |
| 21 | 590 |
| 30 | 585 |
| 32 | 535 |
| 22 | 525 |
| 22 | 495 |
| 24 | 480 |
| 14 | 460 |
| 18 | 440 |
| 12 | 405 |
| 14 | 395 |
| 10 | 385 |
| 8 | 310 |

### Morgan, Lewis & Bockius, LLP

#### 2004 Rates:

| Years Experience | Rate |
|---|---|
| 24 | $600 |
| 13 | 470 |
| 6 | 335 |
| 3 | 230 |

XXX

---

1

Morrison & Foerster
2001 Rates:

2

| Years Experience | Rate |
|---|---|
| 26 | $525 |
| 19 | 450 |
| 13 | 360 |
| 5 | 290 |
| 3 | 250 |

3

4

5

6

O'Melveny & Myers

7

2002 Rates:

8

| Years Experience | Rate |
|---|---|
| 18 | $520 |
| 9 | 390 |
| 6 | 358 |

9

10

Pillsbury Winthrop

11

2004 Rates:

12

| Years Experience | Rate |
|---|---|
| 35 | $490 |
| 22 | 460 |
| 5 | 290 |

13

14

Rosen, Bien & Asaro

15

2005 Rates:

16

| Years Experience | Rate |
|---|---|
| Partners | |
| 43 | $625 |
| 25 | 525 |
| 23 | 475 |
| Associates | |
| 22 | 425 |
| 12 | 375 |
| 8 | 350 |
| 6 | 300 |
| 4 | 275 |
| 3 | 235 |
| Law Clerks | 140 |
| Paralegals | 140-160 |
| Paralegal Clerks | 95 |

17

18

19

20

21

22

23

24

2004 Rates:

25

| Years Experience | Rate |
|---|---|
| Partners | |
| 42 | $600 |
| 24 | 490 |
| 22 | 450 |
| Associates | |

26

27

28

---

| | |
|---|---|
| 11 | 350 |
| 7 | 325 |
| 4 | 285 |
| 3 | 265 |
| 2 | 220 |
| Paralegals | 140-160 |
| Paralegal Clerks | 95 |

<u>2003 Rates:</u>

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | |
| 41 | $575 |
| 23 | 475 |
| 21 | 425 |
| Associates | |
| 20 | 350 |
| 10 | 325 |
| 6 | 300 |
| 4 | 270 |
| 3 | 245 |
| 3 | 245 |
| 2 | 225 |
| Law Clerks | 140 |
| Paralegals | 100-160 |
| Paralegal Clerks | 95 |

<u>2002 Rates:</u>

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | |
| 40 | $550 |
| 22 | 440 |
| 20 | 400 |
| Associates | |
| 19 | 330 |
| 9 | 305 |
| 5 | 275 |
| 3 | 235 |
| 2 | 220 |
| 1 | 200 |
| Law Clerks | 140 |
| Paralegals | 100-150 |
| Paralegal Clerks | 95 |

<u>2001 Rates:</u>

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | |
| 39 | $500 |
| 21 | 395 |
| 19 | 365 |
| Associates | |
| 18 | 300 |
| 8 | 285 |
| 6 | 255 |

| | |
|---|---|
| 4 | 230 |
| 1 | 195 |
| Law Clerks | 125 |
| Paralegals | 85-140 |

### Rudy, Exelrod & Zieff

#### 2005 Rates:

| Years Experience | Rate |
|---|---|
| 37 | $575 |
| 36 | 575 |
| 27 | 575 |
| 10 | 375 |

#### 2003 Rates:

| Years Experience | Rate |
|---|---|
| 35 | $500 |
| 34 | 500 |
| 25 | 475 |

### Schneider & Wallace

#### 2004 Rates:

| Years Experience | Rate |
|---|---|
| 13 | $435 |
| 11 | 435 |
| 9 | 385 |
| 7-8 | 350 |
| 5 | 325 |
| 2 | 225 |
| Law Clerks/Paralegals | 100 |

### Skadden, Arps, Slate, Meagher & Flom, LLP

#### 2004 Rates:

| Years Experience | Rate |
|---|---|
| 28 | $675 |
| 8 | 435 |
| 7 | 345 |
| 4 | 310 |
| Summer Associates | 160 |
| Legal Assistants | 110-195 |

### Steefel, Levitt, and Weiss

#### 2004 Rates:

| Years Experience | Rate |
|---|---|
| 35 | $490 |

1            22                  460

            5                  290

2

3 <u>Sturdevant Law Firm (formerly Sturdevant & Sturdevant)</u>

4 <u>2004 Rates:</u>

5 Years Experience            <u>Rate</u>

          32                 $510

6 <u>2002 Rates:</u>

7 Years Experience            <u>Rate</u>

          30                 $495

8

9       9.      My research regarding attorneys' fees in California indicated a sharp increase in

10 fees over the last several years.  Specifically, I have reviewed attorney fee declarations filed by

11 Heller, Ehrman, White & McAuliffe (in *In re Pacific Gas and Electric Company*, United States

12 Bankruptcy Court, Northern District of California Case No. 01-30923 DM); Cooley Godward (in

13 *In re Pacific Gas and Electric Company,* United States Bankruptcy Court, Northern District of

14 California Case No. 01-30923 DM); and Howard, Rice, Nemerovski, Canady, Falk & Rabkin (in

15 *In re Pacific Gas and Electric Company,* United States Bankruptcy Court, Northern District of

16 California Case No. 01-30923 DM).  Applications for attorneys' fees filed in the United States

17 Bankruptcy Court for the Northern District of California are a useful source of information on the

18 current hourly rates charged by civil litigators.  In seeking fees in a bankruptcy proceeding a

19 lawyer must certify that "[t]he compensation and expense reimbursement requests are billed at

20 rates, in accordance with the practice, no less favorable than those customarily employed by the

21 applicant and generally accepted by the applicant's client."  The United States Bankruptcy Court,

22 Northern District of California, Guidelines for Compensation and Expense Reimbursement of

23 Professionals and Trustees § 8.  Thus, lawyers seeking compensation in bankruptcy court have to

24 state that the rates charged are no more than their actual hourly rates.  Civil litigators are

25 sometimes brought in to litigate matters in the bankruptcy court.  I have, therefore, reviewed

26 declarations filed in support of applications for awards of attorneys' fees in bankruptcy court

27 proceedings filed in the Northern District of California Bankruptcy Court setting forth the 2001-

28 2003 hourly rates of civil litigators who expended time on bankruptcy matters.  I was able to

1  identify these civil litigators through descriptions of the individual attorneys contained on the law

2  firm's web sites.

3       10.     This investigation confirmed that there was a steep increase in hourly rates

4  between 2000 and 2003.  For example, the hourly rate of one civil litigator who graduated from

5  law school in 1974 increased from $583 per hour in 2001 to $662 per hour in 2003.  A recent

6  Recorder article (Exhibit B) also confirms this fact.

7       11.     The hourly rates set forth above are those charged where full payment is expected

8  promptly upon the rendition of the billing and without consideration of factors other than hours

9  and rates.  If any substantial part of the payment were to be deferred for any substantial period of

10 time, for example, or if payment were to be contingent upon outcome or any other factor, the fee

11 arrangement would be adjusted accordingly to compensate the attorneys for those factors.

12      12.     In my experience, attorneys who litigate on a contingent basis expect to receive

13 significantly higher effective hourly rates in cases where compensation is contingent on success,

14 particularly in hard fought cases where the result is uncertain.  In my opinion, this does not result

15 in any "windfall" or undue "bonus" for Plaintiffs' counsel.  Attorneys who assume representation

16 of plaintiffs on a purely contingent basis in consumer and other public interest cases are entitled to

17 receive fees equivalent to those paid in the private legal marketplace.  In the legal marketplace, a

18 lawyer who assumes a significant financial risk on behalf of a client rightfully expects that his or

19 her compensation will be significantly greater than if no risk was involved (*i.e.*, if the client paid

20 the bill on a monthly basis).  In fact, an expert economist who testified in two cases in which I

21 was involved opined that, based on a statistical risk analysis, attorneys who take cases on a

22 contingent basis should receive from three to six times the market rates paid to attorneys on a non-

23 contingent basis.  Adjusting court-awarded fees upward in contingent fee cases to reflect the risk

24 of loss simply makes them competitive in the legal marketplace, helping to ensure that

25 meritorious cases will be brought to enforce important public interest policies and that clients who

26 have meritorious claims will be more likely  to obtain qualified counsel.  In this case, I can state

27 without hesitation that knowing at the time how vehemently and uncompromisingly this case

28 would be resisted by the defendants, combined with the overall difficulty of retaliation cases in

---

**DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFF'S MOTION FOR FEES AND COSTS**
**Case No.  C-04-00958 JSW**                                                                20

general, few competent attorneys would be willing to take this case on a contingent fee basis unless they could expect to recover, if successful, a fee that was at least twice the hourly rate paid to non-contingent attorneys.

13.     The expense and risk of public interest litigation has not diminished over the years; to the contrary, these cases are in many ways more difficult than ever.  As a result, fewer and fewer attorneys and firms are willing to take on such litigation, and the few who are willing to do so can only continue if their fee awards reflect true market value.

14.     I have reviewed the billing practices of hundreds of attorneys in California.  Based on my experience and knowledge of billing practices among California lawyers, I can state that it is the common practice of local firms to bill their clients for out-of-pocket expenses incurred in litigation, such as expert witness fees, travel, copying, telephone long-distance charges, postage and messenger fees, computerized research costs, and the like.

If called as a witness, I could and would competently testify from my personal knowledge to the facts stated herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Berkeley, California on September 7, 2005.


_____
          /s/
RICHARD M. PEARL