IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE HARRINGTON,

    Plaintiff,

v.

POLICE OFFICER DEBBIE PEECOOK and POLICE OFFICER BRETT POTTER, in their individual and official capacities,

    Defendants.
_____/

No. C 04-00958 JSW

**ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

    Now before the Court is Plaintiff Stephanie Harrington's motion for attorneys' fees and costs and Defendants' motion for a *de novo* review of Chief Magistrate Judge Larson's Report and Recommendation this motion.[1] The motions are fully briefed and ripe for decision. The Court finds these motions suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for February 10, 2006, is VACATED.

    The Court may grant Plaintiff as the prevailing party her reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 ("Section 1988"). To determine reasonable attorney's fees under Section 1988, courts "should first determine the lodestar amount by calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.... The district court may then, in its discretion, adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee." *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005)

---

[1] Judge Larson issued a report analyzing the issues presented in Plaintiff's motion, but did not recommend any particular amount to be awarded.

(internal cites and quotations omitted).  The Court has examined the relevant factors and determined that Plaintiff's requested attorneys' fees should be reduced by twenty-five percent. Plaintiff's attorneys have spent a total of 807.7 hours litigating this case, including the present motion for attorneys' fees.  Plaintiff was awarded $10,000 by the jury in this case.  Although this amount is less than what Plaintiff sought, it is not a nominal award.  Moreover, the Court finds that Plaintiff's jury verdict confers a substantial non-monetary benefit on both Plaintiff and the public.  However, the Court finds some reduction is appropriate in light of the fact that Defendants were able to limit the number of defendants and claims that were tried through a successful motion for summary judgment.

The Court concludes that $400 is a reasonable hourly rate for both David M. Helbraun and David Hicks and declines to award the requested enhancement of $75 per hour.  Plaintiff also seeks $918 for work done by a paralegal and $29,392 in costs.  Plaintiff already sought $15,752.56 in her Bill of Costs and was awarded $13,319.34 by the Clerk.  The Court will therefore deduct the $15,752.56 Plaintiff previously requested.  Thus, the total amount of attorneys fees and costs amounts to $337,538.44.  Reducing this amount by twenty-five percent, the Court hereby awards Plaintiff $253,153.83 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: February 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE